UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID KRAL,

    Petitioner,                    Civil No. 2:07-CV-12127
                                        HONORABLE VICTORIA A. ROBERTS
v.                                    UNITED STATES DISTRICT JUDGE

C. EICHENLAUB,

    Respondent,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. Introduction

This is a habeas case under 28 U.S.C. § 2241. David Kral, (Petitioner), is a federal inmate at the Federal Correctional Institution in Milan, Michigan [FCI-Milan], where he is serving a sentence of one hundred and eighty months for conspiracy to distribute methamphetamine and money laundering. Petitioner has filed a *pro se* petition for writ of habeas corpus, in which he challenges a decision by the Federal Bureau of Prisons ("BOP") to remove him from a drug rehabilitation program. For the reasons set forth below, the petition for writ of habeas corpus is summarily denied.

### II. Procedural History

Petitioner was convicted of conspiracy to distribute methamphetamine and money laundering in the United States District Court for the District of Minnesota and was sentenced to one hundred and eighty months in prison.

On February 14, 2006, Petitioner was placed in a Residential Drug Abuse Program

1

(RDAP) at FCI-Milan. Petitioner was expelled from the program on September 28, 2006, after he sent an abusive letter to an assistant United States Attorney.

Petitioner, by his own admission, filed a Petition for Writ of Habeas Corpus with the United States District Court for the Eastern District of Michigan, in which he challenged his expulsion from RDAP on a number of grounds, including that his removal from the program violated his First Amendment rights. The petition was denied on the merits. *See Kral v. Eichenlaub,* U.S.D.C. No. 06-14513-BC (E.D. Mich. May 3, 2007)(Ludington, J.). There is no indication that Petitioner has appealed the denial of his habeas petition.

Petitioner has now filed the instant petition, in which he seeks habeas relief on the ground that Judge Ludington incorrectly adjudicated his First Amendment claim in regards to his removal by BOP personnel from RDAP.

## II. Discussion

The Petition for Writ of Habeas Corpus is subject to dismissal for two reasons.

First, to the extent that Petitioner is challenging his removal from the residential drug treatment program, this issue has already been litigated in Petitioner's prior habeas petition before Judge Ludington. Habeas corpus relief is unavailable to a federal prisoner whose claims have already been ruled upon adversely in a prior proceeding. *See e.g. Sandles v. Scott,* 26 F. Supp. 2d 1355, 1356-1357 (N.D. Ga. 1998)(denying habeas petition when petitioner's claims had already been ruled upon adversely in his prior motion to vacate sentence). Petitioner's habeas application is barred by the doctrine of

2

claim preclusion, because Petitioner has previously challenged his removal from the residential drug treatment program in his habeas petition before Judge Ludington. *See Smith v. Reno,* 3 Fed. Appx. 403 (6th Cir. 2001).

Secondly, to the extent that Petitioner is challenging Judge Ludington's adjudication of his prior habeas petition, it would be improper for him to do so by way of a petition for writ of habeas corpus. A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his or her sentence is being executed. *Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 1998). Any collateral attack on Judge Ludington's order of dismissal in his prior habeas petition is not properly brought as a § 2241 habeas petition, because it does not challenge the execution of Petitioner's sentence. *See Tavares v. Meyers,* 129 Fed. Appx. 694, 696 (3rd Cir. 2005). In addition, filing a petition for writ of habeas corpus is not the proper procedure for appealing the denial of a prior habeas petition. *See e.g. Hurwitz v. Gunja,* 11 Fed. Appx. 349, 350 (4th Cir. 2001). The fact that another judge in this district has already rejected Petitioner's claim does not permit this Court to act as an appellate court with respect to that ruling. *See e.g. Frye v. Clark*, 444 F. 2d 536, 537 (5th Cir. 1971).

Because the instant petition is facially insufficient to grant habeas relief, the petition is subject to summary dismissal. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).

## III. ORDER

Based upon the foregoing, the Petition for a Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE.**

                                                    S/Victoria A. Roberts
                                                    Victoria A. Roberts
                                                    United States District Judge

Dated: May 22, 2007

---

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on May 22, 2007.

S/Carol A. Pinegar
Deputy Clerk

---